CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 31 2009

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES R. BARTON, JR.,<br>Petitioner, | Civil Action No. 7:09-cv-00304 |
| v. | **MEMORANDUM OPINION** |
| WARDEN COFFEEWOOD CORR. CTR.<br>Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Charles R. Barton, Jr., a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 convictions and sentence for driving under the influence and with a revoked license. The court finds that Barton's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On January 18, 2007, in the Warren County Circuit Court, after pleading no contest to his fourth offense of driving under the influence in ten years and to felony driving with a revoked license, the court sentenced him to a total of 8 years incarceration, with 6 years suspended. Barton did not appeal. However, he did file a state habeas petition in the Warren County Circuit Court which the court dismissed as improperly filed. Barton then filed a second state habeas petition in the Warren County Circuit Court on May 8, 2008[1], which the court denied on October 10, 2008. Barton appealed the circuit court's dismissal of his habeas petition; however, the Supreme Court of Virginia refused his appeal as improperly filed. Barton filed a petition for rehearing, which the court denied. Barton then filed the instant federal habeas petition on July 10, 2009. The court notified Barton that his petition appeared to be untimely and gave him an opportunity to respond. Barton has responded but

---

[1] In his initial petition, Barton states that he filed his second state habeas petition on May 20, 2008. In his response to the court's conditional filing order, he states that he filed his second state habeas petition on May 8, 2008. However, the court need not determine which date is accurate because, regardless, his petition is untimely.

he does not argue any grounds for equitable tolling.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] Barton did not meet this one-year statute of limitations. Barton had 365 days from February 19, 2007, the date on which his conviction became final under § 2244(d), to file his federal habeas petition. Barton did not meet this February 19, 2008 deadline; in fact, by that date, Barton had yet to submit a properly filed state habeas petition.[3] Accordingly, Barton's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[4] Barton has made no such demonstration.

---

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Barton has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Barton's conviction became final on February 19, 2007, 30 days after the Warren County Circuit Court entered judgment in his case and when his time to file an appeal expired.

[3] Barton's one-year clock had already run by the time he properly filed his state habeas petition; therefore, his properly filed second state petition afforded Barton no tolling under § 2244(d)(2). Further, although Barton previously filed a state habeas petition in the Warren County Circuit Court on October 27, 2007, the court dismissed that petition as improperly filed; therefore, Barton's filing of his first state habeas petition did not toll the statute of limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

[4] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to

2

Despite being given the opportunity to amend his petition, Barton makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Barton has not demonstrated any grounds for equitable tolling and thus, his petition is untimely filed.

### III.

For the reasons stated, the court dismisses Barton's petition as untimely.

**ENTER**: This 31st day of July, 2009.

United States District Judge

---

circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).